*Grymes* for the plaintiffs, *Livermore* for the defendant.

---

### LIVERMORE vs. MORGAN'S SYNDICS.

An agent cannot, on pretence of explaining a former deed passed by him, convey, by a second instrument, property not contemplated at the time of the sale.
He may, by a subsequent deed, correct verbal errors in the first.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This is an action against the defendant for setting up a title to a lot of ground in the parish of New-Orleans, of which, the plaintiff avers he is the owner. There was judgment in his favor in the court below, and the defendants appealed.

Several bills of exceptions were taken on

Eastern Dist.
June 1827.

LIVERMORE
vs.
MORGAN's
SYNDICS,

the trial by the defendant: we pass over the first and second without further observation, than that in our opinion the judge below decided the points presented by them correctly. The main question in the cause, as it now stands before us, is on the third exception taken to the decision of the court, on evidence offered by the defendant in support of his title.

He first produced a deed of sale, executed by the attorney in fact of the person under whom he claims the premises in dispute. In this sale, the description given of the property limits it to certain streets therein named, and does not carry the boundaries to the Mississippi. Some time after, the defendant obtained from the agent who had sold to him, a declaration, or as it is called, a supplemental act, executed before a notary, in which, after reciting that he had sold to the defendant a lot as described in the act of sale, and that since that time several changes had taken place in the names of the streets, and the distribution of the adjacent property, he declared that to avoid difficulties and mistakes, regarding the extent, limits, and boundaries of said lot, it had been sold and conveyed by him with the same extent it was owned by the person who had

Eastern Dist.
*June, 1827.*

LIVERMORE
*vs.*
MORGAN'S
SYNDICS.

sold to his principals, namely, with sixty feet front to the Mississippi.

The defendants assign as a reason for this instrument, that which is given in it: the wish to make the conveyance clear and explicit. The plaintiff urges, that no change had taken place, in the names of the streets, nor in the distribution of the property; that the whole was an after thought: an attempt to carry into effect by indirect means a transfer of the batture lying in front of the property originally conveyed. And he further contends that this declaration of the agent could not have that effect: of that opinion was the court of the first instance.

It is very possible the plaintiff may be correct in this position, but we think the instrument should have been permitted to go to the jury for what it was worth. If the mistake in the first deed was merely verbal, we think the agent of the principal and the purchasers might explain, and correct it by a subsequent act, though they could not under a pretence of explaining a former instrument, convey property not contemplated at the time of the sale.— Whether the act offered in evidence was of the former or the latter description, was to be judg-

ed by the jury after it had been read to them in evidence, and compared with the other proof given in the cause.

Eastern Di&lt;t.
*June*, 1827.

LIVERMORE
*vs.*
MORGAN'S
SYNDICS.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, that the case be remanded for a new trial, with directions to the judge not to reject the instrument of writing referred to in the bill of exceptions; and it is further ordered and decreed, that the appellee pay the costs of this appeal.

*Livermore* for the plaintiff, *Eustis, Grymes & Hennen* for the defendants.